At the beginning of the removal of the buildings the defendant filed a bill in equity against the city of Providence, its commissioner of public works, and the plaintiff, seeking an injunction to restrain such removal. The questions raised were decided in the following
RESCRIPT.
"STINESS, J. In the lease given to the complainant of the premises at the corner of Dunnell's gangway and Weybosset street was the following clause:
`And the parties of the first part, for themselves, their heirs and assigns, further reserve the right to sell said demised premises at any time during the said term of this lease, and, in case of such sale, the said party of the second part, for himself, his heirs, legal representatives and assigns, agrees to surrender and deliver possession of said premises at once to said parties of the first part, and release any further claim on said demised premises.'
The complainant's argument is that this clause is a mere agreement to surrender and not a conditional limitation whereby a sale operates to terminate the lease; and, hence, that his lease was not avoided because there had been no re-entry by the lessors.
Chancellor Kent says, 4 Kent Com. § 133: `The distinctions on this subject are extremely subtle and artificial; and the construction of a deed, as to its operation and effect, will, after all, depend less upon artificial rules than upon the application of good sense and sound equity to the subject and spirit of the contract in the given case.'
I think there can be no doubt that the object and intention of the provision was to terminate the lease in case of sale. The objection made to it is that it is not mutual by its terms. I do not think this is so. The lessor reserves the right to sell and the lessee agrees to surrender possession at once upon sale. The lessee could not be compelled by a new owner to hold it against his agreement, and if the occupation continued after the sale it would be by virtue of a new agreement *Page 555 
between the parties, and not by virtue of the lease. The parties must have meant that a sale was to terminate the lease, ipsofacto, and the lessee's covenant signified his assent to this. Otherwise no adequate force can be given to it. Reasonable notice was given to the lessee, and according to his own agreement his right to remain had expired when the deed passed. He had, therefore, no equitable right to the premises when the land was condemned for a street, and, in my opinion, he presents no equitable ground for relief, when he asks for an injunction in spite of his own agreement to surrender possession upon a sale.
I therefore direct the entry of an order dissolving the exparte injunction and denying the motion for a temporary injunction."
The bill in equity was afterwards dismissed by consent and without prejudice, and the above mentioned action at law was heard on the petition for new trial based on said exceptions, and resulted in the following
OPINION.
The construction of the clause of the lease in question was considered by Stiness, J., in his opinion filed August 13, 1895, in Baxter v. City of Providence, Eq. 3996, on motion to dissolve the ex parte injunction. We adopt that opinion as the opinion of the court. The ruling of the Common Pleas Division was in accordance with the construction given to the clause in that opinion.
We think the computation of damages was correct.
New trial denied, and case remitted to the Common Pleas Division with direction to enter judgment on the verdict.